Case 1:12-cr-00384-KMW   Document 347-1   Filed 06/17/26   Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

UNITED STATES OF AMERICA

       - v. -

CLIFFORD TODD BARNES,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

12 Cr. 384 (KMW)

WHEREAS, on or about May 14, 2012, CLIFFORD TODD BARNES (the "Defendant"), among others, was charged a three-count Indictment, 12 Cr. 384 (KMW) (the "Indictment"), with conspiracy to transport stolen goods, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to receive stolen goods, in violation of Title 18, United States Code, Section 371 (Count Two); and conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Three);

WHEREAS, on or about July 9, 2013, the Defendant pled guilty to Counts One through Three of the Indictment pursuant to a plea agreement with the Government;

WHEREAS, on or about March 27, 2026, the Court entered a Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $600,000 (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained (D.E. 346);

WHEREAS, to date, the entire the Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following asset in which the Defendant has an ownership interest:

> a. One Gents Breitling watch "Breitling for Bentley", automatic movement, model #A44362, Serial #2296800 seized by the Government from the Defendant on or about March 14, 2012

(the "Substitute Asset"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Asset.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep it in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Asset shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet

forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.    The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.    The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

7.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.    The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
       June 24, 2026

SO ORDERED:

_____
HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE